IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:09-cv-00504-MJW-KLM**

DATAWORKS, LLC,
a Colorado limited liability company,

    Plaintiff,

v.

PLANIT PLANNERS, INC.,
a Colorado corporation,

    Defendants.

---

## PROTECTIVE ORDER ( Docket No 25-2 )

---

Based on the parties' showing of good cause in support of their Joint Motion for Entry of Protective Order, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of either party

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and their designated representatives;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such

person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information

shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any document filed with the Court that contains any CONFIDENTIAL information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are CONFIDENTIAL and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or Court Personnel, or pursuant to order of the Court or any other Court of competent jurisdiction. Copies of such documents served on counsel for other parties shall be marked CONFIDENTIAL.

10. The parties agree to follow the procedures set forth in D.C.COLO.LCivR. 7.2 and 7.3 regarding the filing of documents under seal.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy

CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 4Th day of September 2009.

BY THE COURT:

*[signature]*

United States Magistrate Judge Michael J. Watanabe
Email: Watanabe_Chambers@cod.uscourts.gov

APPROVED BY:

/s/James W. Bain
James W. Bain, Esq. # 15506
Benjamin, Bain & Howard, LLC
7315 E. Orchard Road, Suite E400
Greenwood Village, CO 80111
303-290-6600
Attorneys for Plaintiff

s/ Joshua R. Proctor
Marc R. Levy
Joshua R. Proctor
Levy, Morse & Wheeler, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Englewood, CO 80111
303-796-2900
mlevy@levymorsewheeler.com
jproctor@levymorsewheeler.com

Gregory S. Tamkin
Jennifer N. Good, Esq.
Dorsey & Whitney LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
303-629-3400
tamkin.greg@dorsey.com
good.jennifer@dorsey.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    tamkin.greg@dorsey.com
    good.jennifer@dorsey.com
    mlevy@levymorsewheeler.com
    jproctor@levymorsewheeler.com

If necessary to send Order (word) to Judge, send to Magistrate Judge Michael J. Watanabe: Watanabe_Chambers@cod.uscourts.gov

                        /s /*James W. Bain*
                        Deborah Craycroft for James W. Bain
                        Attorney for Plaintiff
                        Benjamin, Bain & Howard, LLC
                        7315 East Orchard Road, Suite E400
                        Greenwood Village, CO 80111
                        Phone: 303-290-6600
                        Fax: 303-290-8323
                        E-mail: jamesbain@bbhlegal.com